IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| EQUI-TECH, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| JT INTERNATIONAL DISTRIBUTORS, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Equi-Tech, LLC states the following Complaint against Defendant JT International Distributors, Inc.:

## PARTIES

1. Plaintiff is a Tennessee limited liability company with its principal place of business located in Marshall County, Tennessee. Plaintiff sells a variety of products in the equine industry through dealers located in the State of Tennessee and across the country.

2. Upon information and belief, Defendant is an Indiana corporation, having a principal place of business at 12607 Southeaster Avenue, Indianapolis, Indiana 46259. Defendant sells a variety of products in the equine industry through dealers located in Tennessee and across the country.

## JURISDICTION AND VENUE

3. This claim arises under the United States patent laws, 35 U.S.C. § 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also

1

has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and as the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendant because it transacts business in the State of Tennessee. Venue is proper in this Court under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5. On June 20, 2000, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,076,339 ("the '339 Patent), entitled PROTECTIVE LINING OF GIRTH AND THE LIKE. A true and correct copy of the '339 Patent is attached as Exhibit A. Since its issuance, the '339 Patent has been in full force and effect. Plaintiff owns all right, title, and interest to the '339 Patent, including the right to sue for past, present, and future infringements.

6. Defendant has manufactured, used, offered for sale, and/or sold numerous equine products that embody the '339 Patent, including but not limited to the "Tough 1® Non-Slip Saddle Pad," "Air Comfort PVC Neoprene Aussie Girth" and "Air Comfort PVC Neoprene Roper Girth," in Tennessee and across the country.

7. The packaging insert which comes with the "Tough 1® Non-Slip Saddle Pad" sold by Defendant displays Plaintiff's United States Patent No. 6,076,339. A true and correct copy of the packaging insert which comes with the saddle pad is attached as Exhibit B.

8. The "Tough 1® Non-Slip Saddle Pad" sold by Defendant displays on itself Plaintiff's United States Patent No. 6,076,339. A true and correct image of the saddle pad is attached as Exhibit C.

2

9. Upon information and belief, Defendant operates a website to market and sell its equine products, including products that embody the '339 Patent. The address for this website is www.jtidist.com ("Defendant's website").

10. The '339 Patent is listed more than forty (40) times on Defendant's website in connection with Defendant's products. True and correct images of the search engine results depicting a small sample of these pages are attached as Exhibit D.

11. Numerous products on Defendant's website are described as "[p]atented" and, in the accompanying description, the relevant patent is described as "Patent #6,076,339." True and correct images of these web pages, including the product page for the "Air Comfort PVC Neoprene Aussie Girth" and "Air Comfort PVC Neoprene Roper Girth" are attached as collective Exhibit E.

## CLAIMS FOR RELIEF

### Count 1 – Infringement of U.S. Patent No. 6,076,339

12. Plaintiff reasserts and incorporates all of the allegations set forth above.

13. Defendant has infringed and is continuing to infringe the '339 Patent by engaging in acts including making, using, selling, and/or offering to sell within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '339 Patent, in violation of 35 U.S.C. § 271.

14. Furthermore, Defendant has induced infringement of the '339 Patent and/or has committed acts of contributory infringement of the '339 Patent, in violation of 35 U.S.C. § 271.

15. Defendant's activities have been without express or implied license from Plaintiff.

16. Defendant will continue to infringe the '339 Patent unless enjoined by this Court. As a result of Defendant's infringing conduct, Plaintiff has suffered, and will continue to suffer,

irreparable harm for which there is no adequate remedy at law. Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to preliminary and permanent injunctive relief against such infringement.

17. As a result of the infringement of the '339 Patent, Plaintiff has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

18. Defendant's past and continuing infringement of the '339 Patent has been deliberate and willful. Defendant's conduct warrants an award of treble damages, pursuant to 35 U.S.C. § 284, and this is an exceptional case justifying an award of attorney fees to Plaintiff, pursuant to 35 U.S.C. § 285.

### Count II - Violation of Tennessee Consumer Protection Act

19. Plaintiff reasserts and incorporates all of the allegations set forth above.

20. The packaging insert which comes with the "Tough 1® Non-Slip Saddle Pad" sold be Defendant displays Plaintiff's United States Patent No. 6,076,339.

21. The "Tough 1® Non-Slip Saddle Pad" itself sold be Defendant displays Plaintiff's United States Patent No. 6,076,339.

22. Defendant has falsely passed off its saddle pads as those of Plaintiff's by displaying Plaintiff's United States Patent No. 6,076,339.

23. Similarly, the item descriptions for numerous other products, including the "Air Comfort PVC Neoprene Aussie Girth" and "Air Comfort PVC Neoprene Roper Girth," describe these products as being "[p]atented" and describe them as containing Plaintiff's United States Patent No. 6,076,339.

4

24. Defendant has caused a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of its products by displaying Plaintiff's United States Patent No. 6,076,339.

25. Defendant has caused a likelihood of confusion or misunderstanding as to affiliation, connection or association with Plaintiff by displaying Plaintiff's United States Patent No. 6,076,339 on its products.

26. By displaying Plaintiff's United States Patent No. 6,076,339 on its products, Defendant has represented that they have Plaintiff's sponsorship or approval when the opposite is true.

27. Defendant's actions have been deceptive.

28. Defendant's actions constitute violations of Tennessee Code Annotated Section 47-18-104.

29. Plaintiff did not learn of Defendant's deceptive and unlawful conduct until 2014.

30. Defendant's deceptive and unlawful conduct was willful and/or knowing.

31. As a direct and proximate cause of Defendant's deceptive and unlawful conduct, Plaintiff has been damaged.

## JURY DEMANDED

32. Plaintiff demands a trial by jury on all appropriate issues.

## PRAYER FOR RELIEF

WHEREFORE, upon final hearing or trial, Plaintiff prays for the following relief:

(a) A judgment that Defendant has infringed the '339 Patent;

(b) A judgment and order permanently restraining and enjoining Defendant, its directors, officers, employees, servants, agents, affiliates, subsidiaries, others controlled by them, and all persons in active concert or participation with any of them, from further infringing the '339 Patent;

(c) A judgment and order requiring Defendant to pay damages to Plaintiff adequate to compensate it for Defendant's wrongful infringing acts, in accordance with 35 U.S.C. § 284;

(d) A judgment and order requiring Defendant to pay increased damages up to three times, in view of its willful and deliberate infringement of the '339 Patent;

(e) A finding in favor of Plaintiff that this is an exceptional case, under 35 U.S.C. § 285, and an award to Plaintiff of its costs, including its reasonable attorney fees and other expenses incurred in connection with this action;

(f) A judgment and order requiring Defendant to pay to Plaintiff pre-judgment interest under 35 U.S.C. § 284, and post-judgment interest under 28 U.S.C. § 1961, on all damages awarded; and

(g) A finding in favor of Plaintiff that Defendant's practice of displaying Plaintiff's United States Patent No. 6,076,339 on its products violates the provisions of the Tennessee Consumer Protection Act, and an award to Plaintiff of its costs, including its reasonable attorney fees and other expenses incurred in connection with this action;

(h) A judgment and order permanently enjoining Defendant from displaying Plaintiff's United States Patent No. 6,076,339 on its products

6

(i) Such other costs and further relief to which Plaintiff is entitled.

DATED: August 12, 2014

Respectfully submitted,

_____
J. Alex Little (TN BPR. # 029858)
C. Tucker Herndon (TN BPR # 27297)
Paul W. Kruse (TN BPR #013858)
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville City Center
Nashville, Tennessee 37219
Telephone: (615) 238-6305
alex.little@bonelaw.com
therndon@bonelaw.com
pkruse@bonelaw.com

*Counsel for Plaintiff Equi-Tech, LLC*